UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK



-------------------------------------------------------

MICHAEL LEONE on behalf of himself and
all others similarly situated

                      Plaintiff,

      -against-

DYNAMIC RECOVERY SOLUTIONS, LLC

                     Defendant.

-------------------------------------------------------

SUMMONS ISSUED

FEUERSTEIN, J.

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Michael Leone seeks redress for the illegal practices of Dynamic Recovery Solutions, LLC concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff is a consumer debt.

4. Upon information and belief, defendant is a South Carolina limited liability company with its principal place of business located in Greenville, South Carolina.

1

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7. This Court has Federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district since the defendant transacts business in this district and the telephone call collection letter was sent into this district.

### *Allegations Particular to Michael Leone*

9. On information and belief, on a date better known by defendant, defendant began attempting to collect an alleged consumer debt from the plaintiff.

10. On or about November 14, 2011 the defendant left a message for the plaintiff.

11. The message failed to state that the message is from a debt collector or concerning a debt.

12. The message failed to set forth the legal name of the defendant.

13. The defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692d(6), 1692e(11) and 1692e(10) for engaging in deceptive practices and failing to disclose it was a debt collector.

### AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of himself and the members of a class, as against the defendant.*

14. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-13 as if set forth fully in this cause of action.

15. This cause of action is brought on behalf of plaintiff and the members of a class.

16. The Class consists of consumers who received the same telephonic message as did the plaintiff.

17. The Class consists of all persons whom Defendant's records reflect resided in the State of New York and who received a telephone message from the defendant within one year prior to the date of the date of the filing of the complaint (b) the telephone message was concerning the seeking of payment of a personal debt; and (c) and that the telephone call contained violations of 15 U.S.C. § 1692d(6), 1692e(11) and 1692e(10).

18. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   (A) Based on the fact that telephone messages are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   (B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

   (C) The only individual issue is the identification of the consumers who received the telephonic message, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

   (D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

22. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

23. If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

24. Telephonic messages, such as those engaged in by defendant's collection representatives are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

25. The defendant's actions violate the Fair Debt Collection Practices Act.

26. Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in his favor and on behalf of the members of the class, and against the defendant and award damages as follows:

(a) Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
January 17, 2012

Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

Adam J. Fishbein